IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

AMIR MEDHAT GADALLA REZKALLA,

Petitioner,

v.                                                No. 1:26-cv-01363-KG-JHR

GEORGE DEDOS, et al.,

Respondents.

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Amir Medhat Gadalla Rezkalla's Petition for a Writ of

Habeas Corpus, Doc. 3, and the Government's Response, Doc. 7.  Because Petitioner presents a

purely legal question, the Court declines to hold a hearing, *see* 28 U.S.C. § 2243, and grants his

petition for the reasons below.

*I.      Background*

Petitioner, an 18-year-old native and citizen of Egypt, first entered the United States as an

unaccompanied minor in 2023.  Doc. 3 at 2.  The Department of Homeland Security ("DHS")

released him on his own recognizance and into his sister's care.  *Id.*  DHS served him with a Notice

to Appear ("NTA"), initiating removal proceedings.  *See* Doc. 3-1.  Petitioner filed an application

for asylum, which remains pending at the Board of Immigration Appeals ("BIA").  Doc. 3 at 4.

During his release, Petitioner finished high school and now intends to enroll in college if released.

*Id.* at 2.  He complied with all immigration conditions and has no criminal history.  *Id.* at 3, 9.

On March 2, 2025, Petitioner was driving from Texas to California when he allegedly took a

wrong turn and crossed into Mexico.  *Id.* at 2–3.  Petitioner alleges that, "upon realizing his

mistake," he "immediately...sought re-entry through the southwest border."  *Id*.  He remained in

Mexico for less than an hour.  *Id.*  When Petitioner presented himself at the border, DHS redetained

1

him and served him with a second Notice to Appear.  *Id.*; Doc. 3-4 at 1.  More than one year later, he remains detained at the Torrance County Detention Facility in New Mexico and has not received a bond hearing.  Doc. 3 at 3, 10–11.

Petitioner argues that his detention violates the Immigration and Nationality Act ("INA"), the Due Process Clause of the Fifth Amendment, and the Eighth Amendment.  *Id*. at 39–40.  He seeks immediate release.  *Id*. at 41.  The Government opposes the petition.  *See* Doc. 7.

## II.    *Standard of Review*

A petition for a writ of habeas corpus seeks "release from unlawful physical confinement." *Preiser v. Rodriguez*, 411 U.S. 475, 485 (1973).  Habeas corpus review is available if a noncitizen is "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3); *see also Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## III.    *Analysis*

The Court concludes that (A) Petitioner's detention violates the INA, (B) Petitioner's detention violates the Due Process Clause of the Fifth Amendment, and (C) release is warranted.

### A.    *Petitioner's detention violates the INA.*

The INA establishes distinct detention regimes depending on whether a noncitizen is "seeking admission" to the United States.  *See Jennings v. Rodriguez*, 583 U.S. 281, 288–89 (2018). First, 8 U.S.C. § 1225 governs noncitizens detained at a port of entry or shortly after entry, who are treated as "[noncitizens] seeking admission into the country."  *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 140 (2020).  Absent exceptions irrelevant here, § 1225 "mandates detention and affords no bond hearing."  *Pu Sacvin v. De Anda-Ybarra*, 2025 WL 3187432, at *1 (D.N.M.).  This regime includes noncitizens who express a fear of persecution during expedited removal and "shall be detained" while their credible-fear claims are adjudicated.  *See* 8 U.S.C. § 1225(b)(1)(B)(iii)(IV).

2

By contrast, 8 U.S.C. § 1226(a) sets forth "the default rule" for detaining noncitizens "already in the country." *Jennings*, 583 U.S. at 303. Section § 1226(a) authorizes the arrest and detention of noncitizens, "on a warrant issued by the Attorney General...pending a decision on whether [they are] to be removed." Under federal regulations, a noncitizen detained under § 1226(a) is entitled to an individualized bond hearing at the "outset of detention." *Jennings*, 583 U.S. at 306.

Consistent with the overwhelming majority of district courts to consider the issue, the Court concludes that § 1226(a) governs here.[1] *See Barco Mercado v. Francis*, 2025 WL 3295903, at *13 (S.D.N.Y.) (collecting 362 district-court opinions nationwide and noting that challengers prevailed in at least 350 of them, in decisions by over 160 judges across 50 courts). Petitioner entered the United States in 2023. Doc. 3 at 2. DHS released him on his own recognizance so that he can pursue an asylum claim. *See id.* Petitioner later left the United States for less than an hour and immediately sought reentry upon realizing his mistake. *Id.* His asylum claim remains pending. *Id.* Petitioner is therefore a noncitizen detained "pending a decision on whether [he is] to be removed," and his detention is governed by § 1226(a). *See Jennings*, 583 U.S. at 303 (2018).

Moreover, this Court's prior decisions control. The Government concedes that the material facts here are similar to those in *Patel v. Noem*, 2026 WL 103163 (D.N.M.), where the Court concluded that § 1226 governs. Doc. 7 at 2. The Court has reached the same conclusion in numerous similar cases. *See, e.g.*, *Pu Sacvin v. De Anda-Ybarra*, 2025 WL 3187432, at *3 (D.N.M.); *Arroyo Lopez v. Noem*, 2026 WL 776332, at *3 (D.N.M.); *Aguilar v. Lyons*, 2026 WL

---

[1] There is currently a circuit split on this issue. The Second Circuit has held that individuals like Petitioner are entitled to a bond hearing under § 1226(a). *See Cunha v. Freden*, --- F.4th ----, 2026 WL 1146044 (2d Cir. 2026). The Fifth and Eighth Circuits have reached the opposite conclusion. *See Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026); *Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026). The Tenth Circuit has not yet addressed the question.

851237, at *2 (D.N.M.).  Because the Government offers no new basis for Petitioner's continued detention, Petitioner is entitled to relief.

**B.    *Petitioner's detention violates the Due Process Clause.***

The Fifth Amendment's Due Process Clause prohibits the Government from depriving any person of "life, liberty, or property, without due process of law[.]"  U.S. Const. amend. V. "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that [the Due Process] Clause protects."  *Zadvydas*, 533 U.S. at 690.  "It is well established that the Fifth Amendment entitles [noncitizens] to due process of law in deportation proceedings."  *Reno v. Flores*, 507 U.S. 292, 306 (1993).  The Government's power to admit or exclude aliens is no longer plenary once an alien enters the country, because the Due Process Clause applies to "all persons."  *Landon v. Plasencia*, 459 U.S. 21, 32 (1982).  Given the Government's conduct here, Petitioner "is entitled—as a right—to an individualized bond hearing."  *Cortez-Gonzalez v. Noem*, 2025 WL 3485771, at *5 (D.N.M.).  Petitioner's continued detention without such review "constitutes an ongoing violation of [his] right to due process."  *Id.*

**C.    *The proper remedy is release.***

The Court next turns to the appropriate remedy.  Federal courts are authorized under § 2243 to "dispose of [a habeas petition] as law and justice require" and thus possess broad discretion to fashion appropriate relief.  *Clayton v. Jones*, 700 F.3d 435, 443 (10th Cir. 2012); *see also Burton v. Johnson*, 975 F.2d 690, 693 (10th Cir. 1992) (noting that a federal court "possesses power to grant *any form of relief necessary* to satisfy the requirement of justice") (emphasis in original).  Given the Government's conduct here, release is warranted.  *See Singh v. Carnes*, 2026 WL 446579, at *1 (D.N.M.) (ordering release where the Government "failed to articulate a legitimate interest in Petitioner's continued detention"); *Palomeque-Carrion v. Bondi*, 2026 WL 895567, at *2 (D.N.M.) (same).

4

## IV.    Conclusion

For the reasons above, the Court orders that:

1. The Petition for Writ of Habeas Corpus, Doc. 3, is granted.  The Government shall release Petitioner within 24 hours of this Order.  The Government shall not impose any new conditions of release beyond those in place prior to Petitioner's detention.

2. The Government is enjoined from redetaining Petitioner under § 1226(a) absent a predetention hearing, at which the Government must establish, by clear and convincing evidence, that Petitioner poses a danger or flight risk.[2]

3. The Government shall file a status report within 10 business days of this Order certifying compliance.

4. Because the Court grants relief under the INA and the Fifth Amendment, it declines to reach Petitioner's Eighth Amendment claim.

IT IS SO ORDERED.

/s/Kenneth J. Gonzales
CHIEF UNITED STATES DISTRICT JUDGE

Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document.  Electronically filed documents can be found on the Court's PACER public access system.

---

[2] This Order does not affect the Government's authority to redetain Petitioner under the mandatory detention provision of 8 U.S.C. § 1231 if his order of removal becomes administratively final.